AO 472  (Rev. 05/05)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

TYRONE MORNIA GULLEY
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 14-20500-02

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -   that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence  that

This is a presumption case.  Defendant is a 21 year old single male who is charged by way of indictment with Assault of a Foreign Official Using a Deadly and Dangerous Weapon, Aiding and Abetting and Use and Carrying of a Firearm during a Crime of Violence, Aiding and Abetting.  According to the Indictment on November 11, 2012 Defendant and his co-defendant followed a couple (husband and wife) home from a retail store and robbed them at gunpoint with a semi-automatic gun in the couple's garage as they exited their car and in front of their two children.  They stole the couple's jewelry and it is not clear whether money or other items were taken.  The victims are government diplomats from Iraq.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 16, 2014 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

14-20500-02 USA V TYRONE MORNIA GULLEY

Defendant is, by his father's account, unemployed, never having had a job of any kind. However by Defendant's account and also by his mother's account, Defendant for the past two and a half years has been employed part time by his father in his father's plumbing business. Defendant was unable to estimate his earned income as an assistant plumber to his father.  Defendant's residence is unclear, as he provided Pretrial Services with the address of his grandfather on Santa Rosa in Detroit.  Defendant's father reported that Defendant has never lived on Santa Rosa, but that he lives with his mother in her home on Evergreen Street in Detroit.  This appears to be corroborated by Defendant's probation officer, Ms. Cook, who went to the home on Santa Rosa looking for Defendant (on 11/27/12) who found that he was not there and saw no evidence of any kind that Defendant was residing at that address.

Defendant was on probation when he committed the offenses alleged in the indictment.  Specifically, in December 2011 Defendant was arrested and subsequently convicted of felony receiving and concealing stolen property (motor vehicle).  In February 2012 he was placed on probation for a period of 18 months.  So at the time of the instant charges Defendant had been on supervised probation for a period of nine months.  During that time Defendant violated his probation twice and warrants for his arrest were issued on both occasions.  Defendant absconded from his supervision on 12/5/12 and 9/20/13.  Defendant was violated for substance abuse on 1/31/13 as well.

Pretrial Services has concluded that Defendant poses both a risk of nonappearance and a danger to the community.  This Court finds that a preponderance of the evidence establishes Defendant as a flight risk (two prior absconding from supervision violations resulting in warrants for his arrest), and his long history of noncompliance with conditions of Court ordered supervision, and that there is clear and convincing evidence that Defendant poses a danger to the community (the fact that these charges were brought while Defendant was under Court-ordered supervision and the violent nature of the instant charges).

The presumption of detention has not been rebutted.

There is no condition or combination of conditions that would assure the safety of the community or Defendant's appearance in Court.  Therefore Detention is ordered.